IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

INTERNATIONAL UNION OF
OPERATING ENGINEERS,
LOCAL 953,

        Plaintiff,

v.                                                  CIV No. 11-0039 LH/LFG

SAN JUAN COAL COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 7). On March 24, 2011, United States Magistrate Judge Garcia assigned this case to an "Administrative" Track, given that the Joint Status Report and Provisional Discovery Plan (Docket No. 14), submitted by the parties, indicates that discovery is unnecessary and that all claims can and should be "resolved, if not dismissed, on the basis of the arbitration record, consisting of Arbitrator Linn's Award, the parties' collective bargaining agreement, the transcript of the arbitration hearing, and the parties' post-arbitration briefs. A trial is likewise unwarranted – if the Complaint is not dismissed, all claims should be resolved on the parties' Cross-Motions for Summary Judgment." (Docket No. 16). The Court subsequently imposed a stay of all proceedings, pending its resolution of Defendant's Motion to Dismiss (Docket No. 19).

The Court, having reviewed the Defendant's Motion to Dismiss as well as the briefs and all

materials in the record[1], concludes that the motion is well taken in this regard, and pursuant to Rule 12(b)(6), this matter shall be **dismissed in its entirety**. To the extent that Defendant's motion seeks attorney fees under 28 U.S.C. § 1927, it is **denied**.

**I. BACKGROUND**

The relevant facts in this case are undisputed. The underlying incident occurred on April 26, 2008, when the Defendant San Juan Coal Company ("SJCC"), the operator of the San Juan Coal Mine ("the Mine"), used non-bargaining unit electricians to perform work that allegedly should have been performed by bargaining unit electricians. SJCC is engaged in the business of mining at locations within the State of New Mexico, and is an employer within the meaning of the National Labor Relations Act ("NLRA"), 28 U.S.C. § 152 (Compl. ¶ 3).

The Complaint by International Union of Operating Engineers, Local 953[2], to Vacate Arbitration Award (Docket No. 1) was filed on January 12, 2011. Specifically, in filing this lawsuit, the Union seeks to vacate what it terms an "improper arbitration award issued on December 2, 2010, by Arbitrator John Phillip Linn . . . pursuant to Section 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 185(a)." (Compl. ¶ 1). The arbitrator's decision was made after the Union filed a Notice of Grievance on May 12, 2008 (Ex. B to Compl.). In its Notice of

---

[1] Three exhibits are attached to the Complaint, which incorporates them by reference: Collective Bargaining Agreement ("CBA") between the parties, with a term from February 1, 2008 to January 31, 2013 (Ex. A); May 12, 2008 Notice of Grievance submitted to Arbitrator Linn (Ex. B); and, Arbitrator Linn's "Opinion and Award" (Ex. C). Because these exhibits are attached to the Complaint, incorporated by reference in the Complaint, and their authenticity has not been disputed, the Court may properly consider them in its analysis under Rule 12(b)(6). *See Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[2] Referred to hereafter as "the Union."

Grievance, the Union contends that Articles 1.1.[3] ("Recognition Clause ") and 4.9.4[4] ("Call-out Provision") of the Collective Bargaining Agreement ("CBA") between the parties were violated.[5]

Arbitrator Linn presided over the arbitration of the grievance on June 8, 2009, and rendered his decision on December 2, 2010.  In his decision, he summarized the parties' arguments and the testimony of each witness; he quoted Article 10 of the CBA, "Reserved Power of Management[6];" and, he quoted Article 13.5 of the "Grievance Procedure" which provides in relevant part that if the parties are unable to reach a settlement as provided in Step 13.4, "the dispute will be submitted forthwith to impartial and binding arbitration. . . . The Arbitrator shall be bound strictly by the terms and provisions of this Agreement, and shall have no power to modify, amend or add to the Agreement." Under the "Award" section he found that "[t]he Grievance is found to be without merit and is denied."   (Ex. C to Compl.).

The Union's Complaint contains five claims for relief from the arbitrator's award.  In essence, these claims are that the CBA was violated and that the arbitrator's award failed to draw its essence from the CBA.  The Collective Bargaining Agreement governs the terms and conditions of employment for certain SJCC employees represented by the Union.

---

[3]  Article 1.1 provides: "The Company hereby recognizes the Union as the exclusive bargaining agent for all production and maintenance employees of the Navajo, San Juan and La Plata Mines and other company coal mining operations in the Four Corners Region, but excluding all supervisors as defined by the National Labor Relations Board, and office and clerical employees."

[4]  Article 4.9.4 provides that "[i]f an employee is called out to work on an emergency call-out the employee shall receive a minimum of four (4) hours at the Premium rate of pay . . . ."

[5]  The Union represents certain employees at the Mine under two different collective bargaining agreements – the Underground Collective Bargaining Agreement and the Surface Collective Bargaining Agreement. (Ex. C at 2). The Notice of Grievance specifically states that Article 4.9.4 of the surface agreement was violated, denying the surface electricians the opportunity to work callout overtime.

[6]  This provides: "The Company reserves all rights and powers of management except as specifically modified in this agreement or any supplementary agreements which may hereafter be made."

As the title of the Union's Complaint indicates, in this case the Union seeks to have the arbitration award vacated. Specifically, the Union requests vacatur of the award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which provides in relevant part that suits "for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Clearly the Union's claims are rooted in theories that the contract between the parties has been violated. Accordingly, the Court will exercise its jurisdiction pursuant to Section 301 to properly review the decision of Arbitrator Linn. *See Local No. 7 United Food and Commercial Workers Intern. Union v. King Soopers, Inc.*, 222 F.3d 1223, 1225 (10th Cir. 2000)(federal district court exercised its jurisdiction under this statute to review arbitrator's award).

## II. LEGAL STANDARDS

SJCC's motion is brought pursuant to FED.R.CIV.P. 12(b)(6). Under this rule, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The sufficiency of a complaint is a question of law, and when considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). Further, in order to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint

must be dismissed.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

Only "well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)(internal citations omitted).  *See also Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009)("Conclusory allegations are not enough to withstand a motion to dismiss.").

Two "working principles" underlie the *Twombly* standard.

> First, the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, 129 S.Ct. at 1949-50 (internal citations omitted).  Thus, in order to evaluate a motion to dismiss, courts engage in a two-part inquiry, initially identifying those allegations that are nothing more than legal conclusions and therefore "not entitled to the assumption of truth" and then considering whether the factual allegations "plausibly suggest an entitlement to relief."  *Id*. at 1951.

In evaluating this case under Rule 12(b)(6), the Court is mindful of its context.  This Court's scope of review of the arbitrator's award is extremely limited.  Because "[t]he parties have contracted for an arbitrator to resolve their disputes, not a court," judicial review of an arbitrator's award is "among the narrowest known to the law."  *LB & B Assoc., Inc. v. Int'l Broth. of Elec. Workers, Local No. 113*, 461 F.3d 1195, 1197 (10th Cir. 2006)(internal quotation omitted).  "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different than his."  *United Steelworkers of Am. v. Enterprise Wheel & Car Corp*., 363 U.S. 593, 599 (1960).  Thus "[w]hether the arbitrator's reading of the agreement

was strained or even seriously flawed . . . is irrelevant." *Bruce Hardwood Floors v. S. Council of Indus. Workers*, 8 F.3d 1104, 1108 (6th Cir. 1993). The arbitrator's decision will be enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice. *See Enterprise Wheel & Car Corp.*, 363 U.S. at 597. Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances. *Ormsbee Development Co.v. Grace*, 668 F.2d 1140, 1146-47 (10th Cir. 1982). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers International Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 38 (1987). Such deference to an arbitrator's decision heeds a strong federal policy in favor of settling labor disputes by arbitration. *See, Enterprise Wheel & Car Corp.*, 363 U.S. at 596.

### III. ANALYSIS OF THE UNION'S FIVE CLAIMS

#### A. First Claim for Relief

The Union alleges that "in rendering his award eighteen months after the case was closed, Arbitrator Linn acted contrary to the terms and conditions of the CBA which required that all disputes be promptly resolved in the minimum amount of time consistent with the procedures set out in the agreement." (Comp. ¶ 13). The Union alleges that this eighteen month delay after the case was closed "was unreasonable and contrary to the CBA to the detriment and prejudice of the Union." (*Id.* ¶ 14). The Union alleges that it made efforts to secure a prompt and timely arbitration award from the Arbitrator by lodging objections to the delay with the Federal Mediation and Conciliation Service, but that the award was still unreasonably delayed. (*Id.* ¶ 15). Finally, the

Union alleges that "Arbitrator Linn acted outside the scope of his authority by failing to render a timely award." (*Id*. ¶ 16).  The Complaint does not specifically reference any article of the CBA.

The only provision of the CBA which mentions a time frame is Article 13.6, which indicates that the "parties recognize that prompt settlement of all disputes is essential to a harmonious relationship and agree that every effort will be made, in good faith, to resolve such disputes in the minimum possible time, consistent with the procedures set forth herein above."  This language clearly pertains to the parties, not to the arbitrator.  The CBA in the record before the Court contains no deadline for rendering an award by the arbitrator.  Even in cases where a deadline exists, courts consider such language to be discretionary rather than mandatory.  *See Int'l Shipping Agency, Inc. v. Union de Empleados de Muelles de Puerto Rico*, 21 F.Supp.2d 100, 105 (D.Puerto Rico 1998).

In summary, the Complaint alleges that the arbitrator acted contrary to the CBA, yet no provision of the CBA addresses the timeliness of an arbitrator's award.  Accordingly, this First Claim for Relief alleges nothing more than legal conclusions and does not "plausibly suggest an entitlement to relief" from the arbitrator's award for a violation of the CBA.  *See Iqbal*, 129 S. Ct. at 1251.  There is nothing in the record to suggest that the arbitrator's long-delayed award exceeded the scope of his authority, that it did not draw its essence frm the CBA, or that the arbitrator was dispensing his own brand of industrial justice.  The First Claim for Relief fails to state a claim and must be dismissed.

### B.  Second, Third, Fourth and Fifth Claims for Relief

All four of these claims focus on the failure of the arbitrator to make separate factual findings and to make more than a minimal analysis.  The second claim alleges that Arbitrator Linn's award was contrary to the terms and conditions of the CBA because it failed to resolve the issues

presented to him in any meaningful way. Specifically, the Union alleges that the award did not refer to Article 1.1, "Recognition," or to Article 4.9.4, "Callout," and that Arbitrator Linn provided neither analysis nor determination as to whether these provisions had been violated, which resulted in his acting outside the scope of his authority. (Compl. ¶ 19). The Union alleges that the arbitrator's award fails to draw its essence from the CBA.

Similarly, the Union's third claim for relief alleges that the arbitrator's award contains no factual determinations and only a minimal analysis that did not address the issues presented, that accordingly was outside the scope of his authority, and failed to draw its essence from the CBA. (*Id.* ¶¶ 21, 22).

The Union's fourth claim for relief is that the award fails to draw its essence from the CBA, because it was improperly based on the arbitrator's own notions of industrial justice, and was not based on the factual record of the case nor the language of the CBA. (*Id.* ¶¶ 24, 25).

Finally, the Union's fifth claim for relief is that the award fails to draw its essence from the CBA because, rather than being based on the factual record of the case or on the language of the CBA, it was based upon improper bias and prejudice against the Union for lodging an objection with the Federal Mediation and Conciliation Service regarding the arbitrator's substantial delay in rendering a decision.

The Union argues that "while a written opinion is not necessary, it is favored by the court," Resp. at 12, and contends that the arbitrator's opinion did not resolve the issues presented to him. As such, the Union contends that his award is "so unfounded in reason and fact, so unconnected with the working and purpose of the agreement as to 'manifest an infidelity to the obligation of the arbitrator[,]' "*citing Mistletoe Express Service v. Motor Expressmen's Union*, 566 F.2d 692, 694 (10th Cir. 1977).

The allegations in the second and third claims are not sufficient to withstand the motion for summary judgment. The Union's allegations that the award is deficient due to its failure to provide adequate analysis and factual determination, is contrary to the Union's own admission that a written opinion is not even required. The second and third claims simply do not state plausible claims for relief and will be dismissed. *See Exxon Shipping Co. v. Exxon Seaman's Union*, 73 F.3d 1287 (3d Cir. 1996)("arbitrators have no obligation to explain the reasons for an award or even to write an opinion unless the contract so requires, . . ."). Moreover, the absence of a written report does not undermine the validity or enforceability of an award. *Enterprise Wheel and Car Corp.*, 363 U.S. at 598.

Insofar as the fourth and fifth claims are concerned, the Union has failed to present facts that indicate that the arbitrator based his decision on non-contractual grounds or that his award did not draw its essence from the language of the CBA. These claims are largely comprised of legal conclusions, as opposed to well-pleaded facts. For example, the fourth claim is that the award fails to draw its essence from the CBA because it was improperly based on the arbitrator's own notions of industrial justice. The fifth claim contains similar language, plus an allegation that the award was based upon improper bias and prejudice against the Union for lodging an objection about the arbitrator's delay in rendering a decision. These two claims do not state plausible claims for relief and will be dismissed as well.

## **Conclusion**

Accepting all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of the Union, the Court concludes that it has not presented any plausible or legally viable claims.

The Court has considered SJCC's request for attorney fees under 28 U.S.C. § 1927.  The Court notes that Section 1927 sanctions are granted sparingly.  *See Lewis v. Circuit City Stores, Inc.,* 500 F.3d 1140, 1153, 1154 (10th Cir. 2007)(denying sanctions, concluding that the losing arguments, though meritless, were nonetheless complex, and not "completely frivolous.").  The Court is unable to conclude that the Union's arguments are completely frivolous, despite their lack of merit.  Furthermore, the briefing of counsel for the Union is not "beyond the pale of acceptable advocacy" so as to warrant sanctions against them personally.  Thus, SJCC's motion for attorney fees is **denied**.

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 7) is **granted pursuant to Rule 12(b)(6) and this matter is dismissed in its entirety.**  Furthermore, the portion of Defendant's motion seeking attorney fees under 28 U.S.C. § 1927 is **denied**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**